### SAMUEL WILLARD, JR. & others *vs.* JOHN BAKER.

In answer to an action of tort, commenced in the court of common pleas, for pulling down, taking and carrying away "a wooden building, parcel of an estate consisting of land and buildings thereon standing, then in the occupation of the defendant as tenant for term of years, the reversion whereof belonged to the plaintiffs," the defendant admits that he pulled down and removed the building, "but whether the same belonged to the plaintiff he has no knowledge, and can neither admit nor deny, but leaves the plaintiff to prove," and justifies the removal. *Held*, that the action, if not an action of trespass on real estate, (which *it seems* it was,) was an action in which the title to real estate was concerned, and that the plaintiff was therefore entitled to full costs, if he prevailed, although he recovered not exceeding twenty dollars damages.

ACTION OF TORT, commenced in the court of common pleas. The declaration alleged that "the defendant pulled down, took and carried away a wooden building, parcel of an estate consisting of land and buildings thereon standing, situated in Hingham, upon the corner of Maine and North Streets, then in the occupation of the defendant as tenant for term of years, the reversion

whereof belonged to the plaintiffs, and converted the same to his own use."

The defendant, in his answer, admits that he pulled down and removed said building; "but whether the same belonged to the plaintiffs, he has no knowledge, and can neither admit nor deny, but leaves the plaintiffs to prove;" and avers that he was in possession of the building under a lease to him from the plaintiffs and removed the building, with the assent of the plaintiffs, and at the request of the South Shore Railroad Company, who had located and were then constructing their road over the land upon which the building stood; and that the building was of no value.

On a trial in the court of common pleas, the plaintiffs obtained a verdict for $13.41; and the clerk allowed and taxed full costs for the plaintiffs, and this taxation was affirmed by the judge. The defendant alleged exceptions.

*C. T. Russell*, for the defendant. This being a personal action, brought originally in the court of common pleas, the plaintiffs, having recovered less than $20 damages, are entitled, for their costs, to no more than one quarter part of the damages. Rev. Sts. *c.* 121, § 3. This case is not within either of the exceptions in the statute. It is not an action of trespass to real estate; for no such action will lie by landlord against tenant. *Lienow* v. *Ritchie*, 8 Pick. 235. *French* v. *Fuller*, 23 Pick. 104. It is simply an action of tort for pulling down and taking and carrying away a wooden building. The reference to the estate is for purposes of description only; the defendant traverses nothing as to the estate, but, admitting the removal of the building, pleads ignorance of the title to that; and, as he admits that he was the plaintiffs' tenant, he could not have questioned their title to the estate. *Cobb* v. *Arnold*, 8 Met. 398, and 12 Met. 39. *Bailey* v. *Kilburn*, 10 Met. 176. And even if the title to real estate might have been concerned in this case, the plaintiffs could not recover full costs, as it does not appear that it was actually concerned. *Sawyer* v. *Ryan*, 13 Met. 144. *Blanchard* v. *Fitchburg Railroad*, 8 Cush. 280.

*J. A. Andrew & J. W. Browne*, for the plaintiffs, were stopped by the court.

SHAW, C. J. It is difficult, from the bill of exceptions and the record, fully to understand this case. If the building stood on the track of the railroad, and was taken away to enable the railroad company to make their road, and by their authority, it is difficult to perceive why the plaintiffs should have had a verdict for any thing, unless indeed the defendant did unnecessary damage, as by pulling down the building, when it could easily have been removed to the leased premises and there have don. less injury to the reversion, or unnecessarily destroyed the materials of the building.

But looking to the declaration and answer, it appears that it is an action alleging damage to real estate, to wit, a building, parcel of a real estate, consisting of lands and buildings, of which the plaintiffs hold a title as reversioners, and averring that the defendant was tenant for years. Under the old mode of declaring, it would have been an action on the case for damage to the reversion. *Starr* v. *Jackson*, 11 Mass. 519. The description carefully excludes the idea that it was a shed temporarily erected, which under some circumstances might be deemed personalty. The averment of this special title was fundamental. It was a fact, without proof of which the plaintiffs could not recover.

The defendant, in his answer, admits that he pulled down and removed the wooden building, " but whether the same belonged to the plaintiffs, he has no knowledge, and can neither admit nor deny, but leaves the plaintiffs to prove." He does not in terms deny, but he expressly refuses to admit, and leaves the plaintiffs to prove, that the building " belonged to the plaintiffs," that is to say, that they had a title to it, or an estate in reversion therein. The fact is essential; the burden of proof is on the plaintiffs; the defendant refuses to admit it; he therefore requires the plaintiffs to prove it, and thereby puts it in issue. The question for us, is whether the plaintiffs are entitled to full costs, or to quarter costs.

Some of the excepted cases in which full costs are allowed, in the Rev. Sts. *c.* 121, § 3, are " actions of trespass on real estate, and all others in which the title to real estate may be concerned." According to the new practice, we have no action

of trespass, in terms; but the action of tort embraces all actions of trespass. *St.* 1852, *c.* 312, § 1. We are then to consider, that the action of trespass on the case, for damage to a reversion, is as much trespass for damage to real estate, as trespass *quare clausum;* indeed, rather more so, because the former necessarily concerns title, whereas the latter may be for injury to the possession only. We are therefore inclined to the opinion, that this case comes under the exception, as an action of trespass to real estate ; but if not so, we are of opinion that it does come under the other exception, as an action in which the title to real estate is concerned; and in either case the plaintiffs, though they have recovered a sum not exceeding twenty dollars, are entitled to full costs.

*Exceptions overruled.*